**UNITED STATES of America,**
**Appellee,**

v.

**Aurelio BERBER MAGANA, also known as Yayo, Defendant–Appellant,**

**Jose Reyes Sanchez, Juan Antonio Rodriguez–Mesa, also known as Juanito, also known as Jean Antonio Rodriguez, Luis Santiago, Jan Luis Reyes–**

---

Marte, also known as "39," Kelvin Hernandez, also known as Chamo, also known as Chamuco, also known as Miguel Nater, Defendants.

No. 09–4202–cr.

United States Court of Appeals, Second Circuit.

Sept. 3, 2010.

Joyce C. London, New York, NY, for Appellant.

Jesse M. Furman, Assistant United States Attorney (Adam S. Hickey, Assistant United States Attorney, on the brief), for Preet Bharara, United States Attorney for the Southern District of New York, United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, REENA RAGGI, Circuit Judge, and JED S. RAKOFF, District Judge.*

SUMMARY ORDER

Defendant-appellant Aurelio Berber Magana appeals from the judgment of conviction entered by the United States District Court for the Southern District of New York (Cote, *J.* ), principally sentencing him to 151 months of imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On May 8, 2009, pursuant to a written plea agreement, Berber pleaded guilty to Count One of the operative indictment, charging him with conspiring to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. The plea agreement contained an appeal-waiver provision, under which Berber agreed not to "file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range" of 151 to 188 months of imprisonment.

On appeal, Berber contends that the appeal-waiver provision is unenforceable because of the government's conduct. *See United States v. Gomez–Perez,* 215 F.3d 315, 319 (2d Cir.2000) (explaining that "a defendant may have a valid claim that the waiver of appellate rights is unenforceable . . . when the government breached the plea agreement"). But the government's conduct—in its written sentencing submission and at the sentencing proceeding— was fully consistent with the government's contractual obligations and wholly appropriate in response to the arguments raised by Berber. Accordingly, the appeal-waiver provision is enforceable and Berber's appeal is dismissed.

We have considered all of Berber's contentions on this appeal and have found them to be without merit. Accordingly, the appeal is hereby **DISMISSED.**

---

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.